```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **DOUGLAS E. TATRO** )<br> )<br>   v.                )<br> )<br> )<br>**UNITED STATES OF AMERICA** ) | Civil No. 04-CV-11509-RWZ |

### GOVERNMENT'S OPPOSITION AND RESPONSE TO MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

#### Summary

Douglas Tatro moves under 28 U.S.C. § 2255 for relief from his sentence based on ineffective assistance of counsel. This motion is both untimely and without merit, and therefore, the motion should be denied.

#### Background

On November 5, 2001, a jury found that Douglas E. Tatro ("Tatro"), had conspired to distribute more than 100 kilograms of marijuana, using the mail, in violation of 18 U.S.C. § 841(a)(1). Testimony during the trial showed that Tatro had used his position as a supervisor with the United States Postal Service to alert co-conspirators to controlled delivery by postal inspectors, to terminate an inquiry regarding irregularities in rental applications for post office boxes, and to alter records accessible only by supervisors. See Docket Entries 133-137, Trial Transcripts (passim). On January 30, 2002, this Court heard from Tatro's counsel regarding objections to the presentence report as well as arguments from Tatro's counsel for

downward departure, rejected them, and sentenced Tatro to 97 months in prison.

The court of appeals affirmed on summary disposition on December 20, 2002. On October 8, 2003, Tatro filed a motion, *pro se*, in this Court, claiming that this Court was without subject matter jurisdiction over his indictment because his *pro se* Freedom of Information Act inquiry had persuaded Petitioner that the lead trial attorney for the government and the U.S. Attorney were not properly sworn into office. The government opposed Tatro's motion on November 12, 2003, serving the *pro se* petitioner at his prison address. After the Tatro made two inquiries, again *pro se,* to the Court regarding the status of his motion, this Court denied the motion for lack of legal or factual merit.[1]

Tatro now seeks relief under 28 U.S.C. § 2255. In a letter filed April 14, 2004 ("the Petition"), which this Court has interpreted as a petition under 28 U.S.C. § 2255, Docket Entry Dated 7/2/04, Tatro claims that he is entitled to relief for ineffective assistance of counsel.

---

[1]Tatro's motion was in the nature of a motion under 28 U.S.C. § 2255, since it challenged the Court's jurisdiction to impose a sentence on him. Id. However, since the Court did not warn Tatro that this motion would be treated as arising under 2255, the instant motion is not deemed a successive 2255 motion. Castro v. United States, 124 S. Ct. 786 (2003).

**Argument**

I. **The Motion Should Be Denied As Untimely.**

    A.   Tatro's Motion Was Untimely

Section 2255 provides for a one year limitations period for filing motions for relief after the judgment becomes final. "Statutory exceptions exist where the [government] impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim," David v. Hall, 318 F. 3d 343, 344 (1st Cir. 2003), but none of these circumstances are presented by Tatro's claims.  In this case, Tatro's conviction became final after affirmance by the First Circuit, when the time for filing a petition for certiorari expired.  See Clay v. United States, 537 U.S. 522 (2003).  His conviction was affirmed by the First Circuit on December 20, 2002, and the time period for filing for certiorari therefore ran on March 20, 2003.  Sup. Ct. R. 13(3).  Tatro's letter, which the Court recognized as a motion under § 2255, was not filed until, at the earliest, April 6, 2004, and was therefore out of time.

    B.   Equitable Tolling Does Not Apply

Many courts have held that in some circumstances, equitable tolling is available for the 2255 limitation period.  The First Circuit has assumed without deciding that tolling applies to this deadline, but noted that if such tolling is available, it only applies "for the most exceptional reasons."  David, 318 F.3d at

346. Mistakes by counsel in reading the statute or computing the time limit do not justify tolling. Id.

The documents submitted by Tatro himself prove that no tolling is appropriate in this case. Tatro will presumably argue that the limitations period should be tolled because his counsel was unresponsive with regard to the 2255 itself. However, this argument is without merit. First, "a defendant is not entitled to counsel in connection with a § 2255 motion." United States v. Pollard, 290 F. Supp. 2d 153, 162 (D. D.C. 2003). Since there is no right to counsel for mounting collateral attacks, alleging ineffectiveness of habeas counsel is not grounds for tolling the § 2255 statute of limitations. Casas v. United States, 88 F. Supp. 2d 858, 860-61 (N.D. Ill. 1999).

Tolling is particularly inappropriate here, where Tatro clearly was aware, months before the deadline for filing had run, that § 2255 existed, that he wished to file such a motion, and that § 2255 "has time elements attached to its proper filing." (See Letter from Tatro to his trial counsel, dated Jan 16, 2004, filed with Petition.) Weeks before the limitations period expired, Tatro had determined that he had issues with his attorney's "failure to communicate and honor commitments" [Letter dated February 23, 2004], and concerns regarding "the issue of tolling as it applies to my submission of the § 2255." [Letter dated February 29, 2004]. Moreover, Tatro was also clearly aware, as proven by his *pro se* filing with this Court on October

8, 2003, that he was capable of filing his own motion, regardless of whether he was able to obtain help from an outside attorney. Docket at 141.

Under these circumstances, where there is no right to counsel, a documented ability to proceed without counsel, an awareness of the need for timely action, and a documented recognition that the counsel at issue may not proceed in a timely fashion, equitable tolling is not appropriate, and the motion should be denied as untimely.

II. **Tatro's Motion Fails on Its Merits.**

In the § 2255 motion, Tatro has strung together a potpourri of conclusions about Attorney Gleason's performance without elaboration whatsoever. Tatro states that Attorney Gleason failed to prepare for trial (ground one); failed to advise him of or explore the possibility of a plea agreement (ground two); proffered erroneous counsel as to the penalty he would face if unsuccessful at trial (ground three); suggested that there was no alternative to trial (ground four); failed to make a motion for downward departure based on being an insulin dependent diabetic (ground five); and failed to challenge the sentencing enhancements in the PSR.

As set forth more fully below, Tatro has failed to meet his burden of presenting specific facts demonstrating that Attorney Gleason was constitutionally ineffective in his representation of Tatro. Finally, the record shows that Attorney Gleason was not

ineffective in his representation of Tatro and that Tatro had no meritorious basis to appeal the Court's calculation of the sentencing enhancements or its discretionary decision not to depart downward.

> A. The Petitioner Alleging Ineffective Assistance of Counsel Bears a Heavy Burden

Under the well-known test enunciated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in order to prevail, Tatro must establish (1) that "counsel's performance was deficient ... that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense ... that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Id</u>. at 687.  <u>See also</u> <u>Bucuvalas v. United States</u>, 98 F.3d 652, 658 (1st Cir. 1996)(observing that a defendant's burden of proving both prongs of the <u>Strickland</u> test is "heavy"). Under the first prong, Tatro must demonstrate that Attorney Gleason's representation "fell below an objective standard of reasonableness."  <u>Id</u>. at 687-88.  <u>See also</u> <u>Murchu</u>, 926 F.2d at 58 (accord).  Since there is a wide range of professionally competent representation, since there are an infinite number of situations in which counsel must make strategy decisions, and since defendants are often tempted to second-guess counsel's assistance after an adverse result, judicial scrutiny of trial counsel's performance "must be highly deferential" and "a court

6

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. See also Matthews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995)(accord); Ouber v. Guarino, 158 F. Supp. 2d 135, 148 (D. Mass. 2001) (observing that habeas court "owes a high degree of deference to the judgment exercised and decisions made by counsel" and that habeas review "is not an occasion for judicial second-guessing of informed judgments"), *aff'd,* 293 F.3d 19 (2002).

Applying the Strickland standard, the First Circuit has emphasized that "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991); Lema, 987 F.2d at 51 (accord); Arizaga v. United States, 130 F. Supp. 2d 335, 338 (D. P.R. 2001)(accord).

> Under *Strickland v. Washington,* ... counsel
> is not incompetent merely because he may not
> be perfect. In real life, there is room not
> only for differences in judgment but even for
> mistakes, which are almost inevitable in a
> trial setting, so long as their quality or
> quantity do not mark out counsel as
> incompetent.

Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). See also McGill, 11 F.3d at 227 ("To avoid the shoals of ineffective

7

assistance, an attorney's judgment need not necessarily be right, so long as it is reasonable."); Tavares v. United States, 2001 WL 1681861 at *4 (D. Mass. 2001) (Bowler, MJ)(observing that the Sixth Amendment "guarantees proficient as opposed to perfect representation")(*citing* Prou v. U.S., 199 F.3d 37, 48(1999)).

Like the Supreme Court, the First Circuit has emphasized that the performance standard "is to be applied not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." Natanel, 938 F.2d at 309. See also Lema, 987 F.2d at 51 (observing that habeas court must evaluate the challenged conduct "from counsel's perspective at the time" and must make every effort "to eliminate the distorting effects of hindsight"); Matthews, 54 F.3d at 917 (that counsel's trial strategy "was not ultimately a winning strategy is of no moment in assessing its reasonableness at the time"); Ouber, 158 F. Supp. 2d at 148 (observing the relevant inquiry "is whether under all the circumstances of [the] case, viewed as of the time of counsel's conduct, counsel's performance was reasonable").

> [T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance.... Only where a defense decision is completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy, is further review into counsel's competence required.

United States v. Ortiz Oliveras, 717 F.2d 1, 3-4 (1st Cir. 1983). See also Barrett, 965 F.2d at 1193 (habeas petitioner must

8

demonstrate that counsel's error "clearly resulted from neglect or ignorance rather than from informed, professional judgment" and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Under the second prong of the Strickland test, Tatro must affirmatively prove prejudice, i.e., that his attorney's errors "actually had an adverse effect on the defense" and not merely that they "had some conceivable effect on the outcome of the proceeding." 466 U.S. at 693.

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. at 694. See also Matthews, 54 F.3d at 916 (accord). Focusing on this prong, the First Circuit has stated:

> On one end, it is not enough to show that the errors had "some conceivable effect on the outcome." Nor is it required, however, that the defendant prove that the errors were more likely than not to have affected the verdict. It is important to maintain the focus of an ineffectiveness inquiry on the "fundamental fairness of the proceeding."

Gonzalez-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001).

    B.    There Is No Need For An Evidentiary Hearing Regarding Trial or Pretrial Conduct

Tatro bears the burden of demonstrating, by a preponderance

of evidence, that he is entitled to relief under § 2255. Additionally, he bears the burden of persuading the court that he is entitled to an evidentiary hearing. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993); Cody v. United States, 2001 WL 487947 at *5 (1st Cir. 2001). Tatro cannot meet that burden with respect to his claims about his counsel's pretrial or trial conduct.

An evidentiary hearing is unnecessary when a §2255 petition "is inadequate on its face" or, "although facially adequate[,] is conclusively refuted as to the alleged facts by the files and records of the case." McGill, 11 F.3d at 226. See also Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)(accord); Barrett, 965 F.2d at 1186 (accord). A petitioner is not entitled to an evidentiary hearing where his allegations "cannot be accepted as true because 'they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact,'" Murchu v. United States, 926 F.2d 50, 57 (1st Cir. 1991)(citation omitted); McGill, 11 F.3d at 226 (accord), or where they "amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact," Barrett, 965 F.2d at 1186.

The trial judge, moreover, "is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225. See also Cohen v. United States, 996 F. Supp.

10

110, 112 (D. Mass. 1998)(Young, CJ)(a court "may rely on its own recollections of previous events when deciding a motion brought under section 2255"); Norton v. United States, 1997 WL 305222 at *2 (D. Mass. 1997)(Young, CJ) (accord); Indelicato v. United States, 106 F. Supp. 2d 151, 154 (D. Mass. 2000)(Saris, J)(accord).

Here, Tatro has made absolutely no effort to support his accusations about Attorney Gleason's pre-trial conduct with any facts, let alone specific or particular facts.[2] He has not explained how he believes that his attorney failed to prepare for trial. Likewise, he has not stated what plea bargain he now believes was offered but not communicated. Without explaining the "who, what, when, where and how," this Court is "not obliged to credit the petitioner's threadbare allusions to a phantom plea bargain." David v. United States, 134 F.3d 470, 478 (1st Cir. 1998). He has also not provided any basis for his assertion that a plea agreement (beyond a simple guilty plea to the indictment) could have been obtained, or would have been accepted. Indeed, in the very documents which Tatro attaches to his motion, his attorney clearly asserts that Tatro himself gave specific orders regarding how to handle the case including whether or not to make

---

[2] It is noteworthy that Tatro's petition challenges Attorney Gleason's pre-trial and post-conviction conduct, he does not accuse Attorney Gleason of any mistakes or misconduct during the trial itself.

11

a "deal."³

Tatro has not pointed to any facts demonstrating that Attorney Gleason engaged in misconduct, acted incompetently or inappropriately, or failed to do something that a competent lawyer would have done. Accordingly, Tatro has failed to sustain his burden of establishing the need for an evidentiary hearing.

> B.  Attorney Gleason Was Not Constitutionally-Ineffective In Regard to Sentencing

To the extent that the petition asserts that there was ineffective assistance at sentencing, the petition simply cannot stand, because Tatro cannot show prejudice as a matter of law. "The petitioner received an appropriate sentence, and, absent any prejudice, an ineffective assistance claim cannot prosper." U.S. v. David, 134 F.3d at 477. Here, Tatro has not explained any viable basis for downward departure,⁴ nor has he provided any

---

³The government contacted attorney Gleason to determine whether he disputed or corroborated Tatro's assertions regarding counsel's failure to communicate with him. Attorney Gleason asserted that he disputed vigorously any assertions that he had not represented his client effectively, but he did not feel it appropriate to address the specifics of attorney-client communications without either consent or a court order. See Exhibit 1, attached.

⁴Tatro makes passing references to his diabetes and to his obligations to his teenage children. However, a health condition that did not prevent him from engaging in full time employment is not adequate grounds for a downward departure, see USSG § 5H1.4; U.S. v. Hernandez, 89 F. Supp. 2d 612 (E.D. Pa 2000) (combination of diabetes, asthma, and high blood pressure do not justify downward departure), nor is the fact that Tatro managed to father triplets during the eight year period that he was assisting his friends to smuggle drugs through the postal system. USSG § 5H1.6. See, e.g., U.S. v. Sweeting, 213 F.3d 95 (3d Cir. 2000) (reversing downward departure for single mother and sole provider

grounds for objecting to the sentencing enhancements which both this Court and the First Circuit found appropriate.[5]  Under these circumstances, Tatro's assertions regarding his counsel have no force.  David v. United States, 134 F.3d 470-78.

Indeed, reviewing the transcript of the sentencing hearing, it is clear that Attorney Gleason met the Strickland standards.  He argued for an acceptance of responsibility adjustment, asserting that his client should not be deprived of an adjustment merely because he exercised his constitutional right to trial.  He argued that Tatro's sentence was unreasonable in light of his co-conspirators, and that Tatro was in effect being punished more heavily simply because he did not have anyone that he could "turn in."  He argued against the enhancements for obstruction and for breach of trust.

Counsel's efforts on behalf of Tatro at the sentencing hearing failed.  However, they failed not because Gleason was incompetent, but because Tatro was guilty of the conduct,

---

of five children, including a child with a substantial neurological disorder); U.S. v. Chestna, 962 F.2d 103 (1st Cir. 1992) (status of single mother of three, and then four, children, did not warrant departure).

[5]Tatro asserts that he was not informed of the enhancements prior to sentencing.  Even assuming that this is true, he does not provide any explanation of any prejudice that could have resulted, as required under prong two of Strickland, discussed above, of any basis for contesting the enhancements.  The evidence was clear, as found by both this Court and the court of appeals (over counsel's vehement argument), that the enhancements were appropriate based on Tatro's abuse of his postal position to obstruct investigation and avoid detection of the conspiracy.

including the enhancing factors, that he was accused of. Tatro used his supervisory position with the Postal Service to permit hundreds of kilos of marijuana to be delivered to his co-conspirators without fear of interruption by Postal Inspectors. This Court made this determination after six days of trial, and the First Circuit affirmed the Court's findings after a careful review of the record. Attorney Gleason's failure to obtain a lower sentence is a result of Tatro's eight year course of conduct, not of his counsel's incompetence.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Petition be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /S/ Nancy Rue
NANCY RUE
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the U.S. mail a copy of the same in an envelope bearing sufficient postage for delivery:

        Douglas E. Tatro
        Inmate # 23151-038
        FMC Devens
        PO Box 879
        Ayer, MA  01432

                                    /s/
                                Nancy Rue