UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-11509-RWZ

DOUGLAS TATRO
v.
UNITED STATES OF AMERICA

## AFFIDAVIT OF DOUGLAS TATRO IN SUPPORT OF HIS AMENDED PETITION.

I, Douglas Tatro, being first duly sworn, depose and state:

1. I am the petitioner named in this enumerated petition.

2. In, June 1, 2000, I was charged in a criminal complaint in the United States District Court, District of Massachusetts with docket number 00-10174. My attorney of record at all relevant times was Scott Gleason.

3. Attorney Gleason was very difficult to contact. I had few substantive meetings with him before trial. In general, when we met or spoke, his main topic we was his legal fees.

4. Gleason always told me that the case against me was quite weak. He told me that the government had nothing on me. He didn't tell me who the government had as witnesses against me. He did not explain the evidence to me. At no time did he explain to me what I could be facing if I lost at trial. He never explained sentencing enhancements to me or the reduction for acceptance of responsibility. In fact, the existence of guidelines was not made known to me until after trial.

5. Gleason also never told me that if I pled guilty, before trial, I could receive a sentence of two years of incarceration.

6. In fact, he never advised me that I could enter into a plea agreement at all.

7. Gleason never discussed cooperation with me. In my initial meeting with Gleason, I told him that, although my knowledge of criminal behavior was limited to the crimes charged to myself

and my co-defendants, I was willing to speak with the government. He responded negatively, and gave me the impression that such an agreement was impossible and that a trial was my only avenue.

8. After trial, at the advice of counsel, I made a complete confession to the probation officer. He never told me why I was supposed to do it.

9. At no time did Attorney Gleason mention the "safety valve" to me. I never even knew what the safety valve meant or what it entailed until I heard about it while at the county jail, after I was sentenced.

10. I served in the military and was honorabl discharged. I sent him a copy of United States v. Pipich, 688 F. Supp 191 (D.C. PA 1988) and asked him to request that the Court reduce my sentence for service to my country. This was never raised at sentencing.

11. Gleason failed to raise issues on appeal.

12. Gleason notified me of the denial of my appeal *en banc* on March 8, 2004.

13. On numerous occasions Gleason told me that he was filing a § 2255 motion on my behalf. At no time did he tell me that he was not filing it, nor did he tell me my deadlines.


Signed under the pains and penalties of perjury this 1st day of February, 2005.

Douglas Tatro (lmg)
Douglas Tatro


    I, Lenore Glaser have reviewed this affidavit with Douglas Tatro. He has given me authority to sign his name. An executed copy of same will be substituted in the record, forthwith.

Lenore Glaser