UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-11509-RWZ

DOUGLAS TATRO
v.
UNITED STATES OF AMERICA

**AFFIDAVIT OF ATTORNEY LENORE GLASER IN SUPPORT OF THE AMENDED MOTION.**

I. Lenore Glaser, being first duly sworn, depose and state:

1. I am an attorney at law, licensed to practice by the Supreme Judicial Court of the Commonwealth of Massachusetts and admitted to practice in the United States District Court of Massachusetts since 1980.

2. By appointment of this Court, I am the attorney of record for Douglas Tatro in his *habeas* petition.

3. In this capacity, on January 5, 2005, I spoke by telephone to Scott Gleason who was the attorney of record in the district court and in the appeal at the First Circuit Court of Appeals.

4. I asked him to tell me about any and all plea negotiations. Gleason told me that he had worked out a plea agreement with the government for about two years, but that Tatro rejected it.

5. On January 30, 2005, I spoke to Robert Tatro and his wife, the brother and sister-in-law respectively of Douglas Tatro. They told me that they met with Gleason after Tatro was sentenced. Gleason told them that Tatro had rejected a plea for two years. He said that he had a letter from Ricuitti memorializing this offer.

6. In my conversation with Gleason, I asked him why he wrote to Tatro, on March 5, 2002, that he was surprised at the length of the sentence. He told me that he didn't know why, except that it was long for someone like Tatro, who had no prior record.

7. I asked him what he had estimated the sentencing range would be, but he had no answer.

8. I asked him why he had Tatro confess to the probation department, but he couldn't remember why.

9. I asked him to tell me about any conversations that he had with Tatro regarding the " safety valve". He told me that he didn't know what I was referring to. I cited U.S.S.G. § 5C1.2. He said that it didn't sound familiar to him and asked what it was. I explained the mechanism of the safety valve. He told me that he would have to get back to me about it, because it was "out of context."

10. I asked him whether he had agreed to file a petition for relief pursuant to U.S.C. § 2255. He immediately answered " yes." I asked him to describe all conversations he had had with Tatro regarding it. At this point he told me that he was concerned that Tatro was trying to "go after him" and he did not want to continue the conversation at that time.

11. I also spoke by telephone with Assistant United States attorney, Michael Ricciuti, the prosecutor in this case on December 22, 2004. Ricciuti told me that at some point, after discovery was completed, he reached out in his usual way to Gleason and asked him essentially, " What are we doing with this case ?" Gleason told him that his client was not interested in pleading. Ricciuti thinks he may have had one or two other informal conversations with Gleason including one, late in the process where he questioned whether Tatro understood the sentence he could receive after trial, compared to resolving the case with three points for acceptance of responsibility and the safety valve.

12. I asked Ricciuti specifically whether he remembered mentioning the safety valve to Gleason and he was fairly certain that he had stated that Tatro seemed to be safety valve eligible.

13. Ricciuti never did a draft plea agreement and doesn't remember any specific numbers that were discussed with Gleason.

14. Attached to this affidavit are the original letters from Tatro to Gleason, which were given to me by Gleason when he gave me a copy of his file. He told me by telephone that I have a complete set of all his papers.

Signed under pains and penalties of perjury this 1 day of February, 2005.

*Lenore Glaser*
Lenore Glaser, Esq.

Douglas E. Tatro
23151-038
FMC Devens
PO Box 879
Ayer MA 01432

February 2,2004

Scott Gleason
Gleason Law Offices
163 Merrimack Street
Haverhill MA 01432

Dear Scott:

I have received your letter dated January 30,2004

Thank you for your response.

I am looking forward to your visit on February 20th or 21st.

I would still like your response to my concerns in my letter dated January 16,2004 so I can be better prepared for your questions prior to your visit.

I still would like a copy of the appeal decision I have not received for my files.

Thank you again for your swift correspondence.

Very truly yours,

Douglas E. Tatro

cc/Robert L. Tatro

DOUGLAS TATRO
#23151-038
F.M.C. DEVENS
P.O. BOX 879
AYER, MA 01432

Mr. Scott Gleason, ESQ.
163 Merrimack Street
Haverhill, Ma. 01830

January 16, 2004

RE: **§2255 MOTION/ACCESS VIA TELEPHONE:**

Dear Mr. Gleason:

I am writing you to address a number of issues which are of both a time sensitive nature and a matter of courtesy.

Firstly, as you are aware, I am confined to federal prison under a long sentence, a result of a trial verdict; at which trial you represented me; further; as I am sure you are informed, prisoners are only permitted 300 minutes per month to use the telephone; unless a "legal call" is arranged by an attorney; in my case you. Given my family situation, i.e . three young children and numerous pressing family issues, it is imperetive that, I budget my phone time so as to be available to my family. That said; It is extremely upsetting to attempt to contact you frequently and your never being available.

I understand how voluminous your schedule is; yet, I can not understand how you can not find the time to jot a note regarding my status, or at bare minimum relay a message to your secretary to transmit to me?

Additionally, I am anxiously awaiting your filing of a §2255 motion; which motion I have come to understand has time elements attached to its proper filing. I do hope that delays or lack of communication access has not caused me to be in any way time barred.

This is clearly not the forum to discuss the issues to be raised in the motion and I am hopeful that your abilities do not rest on my knowledge of the law, however, briefly, I believe there exists issues based on my having been enhanced outside what is properly defined as "violating a public trust",the judge having assumed past participation in crimes uncharged or unproven and the judge's failure to acknowledge that I had a minor role, especially in light of the fact that my co-defendant plead guilty to having been the "master-mind" of the conspiracy.

page 2.  MR. SCOTT GLEASON, ESQ.


Again, I do not want this letter to be our exclusive means of communication.

Further, to-date I have still not received the court's decision of the Appeals Court. "full panal" review of my direct appeal; which decision you had assured me was forth-comming months ago.

Considering the above; I am requesting that you make a documented; effort to arrange with the facility, Devens, my case manager: Ms. Jenkinson or Unit manager Mr. Calabro, a "legal call(s)" with you on a somewhat regular basis, so as to conference with you regarding the attacks you intend to wage on my conviction.

I also request that you forward to me the Appeal Court's decision(s) referred to above.

Lastly, I request that you memorialize, in writing my status as appraised by you along with your intended course of action and a time frame by which you intent to proceed.

I trust that you will respond to these requests forth-with and that I have only mistaken your inaccessibility and that you are, as promised, zealously working on my behalf to reduce my sentence.

I look forward to speaking with you in the very near future.

Respectfully,

*Douglas E. Tatro*
Douglas Tatro

cc: file
    Robert J. Tatro

(978-796-1000

DOUGLAS TATRO
#23151-038
F.M.C. DEVENS
P.O. BOX 879
AYER, MA. 01432

February 29, 2004

Mr. Scott Gleason, Esq.
Gleason Law Firm
163 Merrimack Street
Haverhill, MA. 01830

RE: **FINAL REQUEST FOR WRITTEN UPDATE:**

Dear Mr. Gleason:

Please accept my sincerest condolences with regard to your close personal friend; I have become an expert on loss. Additionally, I wish to thank you for having shown the consideration, this time, to have notified me, through my brother, that you would not be visiting as promised.

Certainly, a visit from you would be nice and may serve to re-invest me with some faith; but a visit from you has not been the thrust of my requests of you.

As of this date, you have not honored my request(s) for a written up-date, which request was detailed in my letter of January 16, 2004, (which you have acknowledged receipt of) and for which I intend not to be stalled further.

This is my final request, in this vein, to you directly, and any further delay on your part in meeting my request will spark other action by me.

On yet a different note. I find it curious, given your experience with the federal system that you do not realize the BOP's leagal mail policy. The facility opens all mail unless that mail specifically states: "LEGAL MAIL-OPEN ONLY IN PRESENCE OF INMATE"; the moniker of simply, "Legal Mail" in no way protects your correspondence with me as privileged.

Also, I am sure you must realize that the facility needs advanced notification of a legal visit; which visits are generally arranged by my corrections counselor; who has informed me that no requests of this type had be submitted to him.

I require the information I requested of you in my January 16, 2004 letter along with the dates and times that you conferenced or spoke with the AUSA as you have represented to me that you had; and the the issue of tolling as it applies to my submission of a §2255.

MR. SCOTT GLEASON, ESQ.
February 29. 2004
Page 2.


  Regardless of your schedule, trials, appointments, client's emergencies, family issues, prior engagements or weather, et al. I expect that you will honor my request in writing, without further delay of excuse; and I must receive this without abatement by the end of the week.

  I hope to maintain a friendly and cordial relationship with you; and your honoring your prior commitments to me and suppling me with the written answers to my numerous requests will insure this.

  I most anxiously await your written response no later then March 5, 2004; by "Priority Over-night Delivery" if required.

I remain,

*(signature)*
Douglas Tatro


cc: file
  Robert Tatro

```
              DOUGLAS TATRO
                #23151-038
               F.M.C. DEVENS
               P.O. BOX 879
             AYER, MA.  01432
```

Mr. Scott Gleason, Esq.
The Gleason Law Firm
163 Merrimack Street
Haverhill, MA. 01830

March 22, 2004

RE: <u>**FOLLOW-UP TO VISIT OF 3/12/04 AND LETTER OF 3/5/04:**</u>

Dear Mr. Gleason:

    I am once again writing to you to memorialize my displeasure with the way that you have been conducting yourself with respect to your representation of me.

    Firstly, it seems from your attitude during our visit together on March 12, 2004 at Devens, that you have a faulty memory as to the events of my case; as well as previous representations you have made to me.

    You have seemed to ignore all of my previous requests and have replaced them with the notion that the only avenue I have , or that you could provide for me is the prospect of cooperation with the government. Yet you have once again mischaracterized the process of such a situation; in the same way that you have misrepresented almost all aspects of my case to me from the beginning.

    You would have me believe, from our conversation on the 12th. that any information I could supply you with as conduit would earn me a "5K1" letter from the government and that the government would willingly and anxiously reduce my sentence to one of "time served". After having spent time in prison just far, I am now able to see through your clear misrepresentation. I do not feel the need to educate you on federal law or federal criminal proceedure; yet I remain amazed at your attempts to try and mis-lead me even at this point.

    Further, I find it shocking that you think that you are going to "spin" me with respect to pre-trial events. The fact is that you never mentioned or reviewed with me a "Plea-Agreement" or the possibilities of the government offering one. Instead you led me to believe that a trial was my only option; You seemed almost thirsting to do battle in court with the government but never advised me of alternative options; cooperation agreements included; pre and post trial.

page 2
Mr. Scott Gleason Esq.
March 22, 2004

  I have come to learn, by comparison that the pre-trial efforts made by you with respect to research and readiness were comical. You effectively "winged-it" meeting with me on only a few brief occassions; (less then five times for periods of less then one hour) and then mostly to discuss fees and to tout your ability to beat the government time and again in the courtroom at trial.

  You failed to interview witnesses and possible witnesses, you failed to keep abreast of the status of co-defendants and the fact that they had all taken pleas or had entered into plea agreements or cooperation agreements; all factors which would have proven crucial in my making an informed decision to proceed to trial.

  In the same vein of ineffectiveness, you failed to make important pre-sentencing (written) submissions to the court challenging among other things; the sentencing enhancements suggested in the "PSR" and failed to make a motion under "5K2" for a "down-ward departure" from the sentencing guidelines for health reasons; which I believe the court may well have considered and for which the section is specifically intended.

  Your like behavior continued during and after the appeal process. You had represented to me that a voluminous number of meritorious issues existed for appeal and reversal of my conviction; Yet, when I questioned you about the limited number of issues you incorporated in your brief; you told me that we needed to concentrate on only one important issue and "run-with-it"; i.e. the issue regarding the deformation of character.

  In reality; the issues which exists in earnest is my having been denied effective assistance of counsel as that term relates to the sixth amendment to the United States constitution.  Clearly; you should have realized this prior to my direct appeal and request that the court replace you.

  I have been severely prejudiced by your representation; not only in respect to your faulty advice or trial preparation, you failure to request or review a plea agreement with me, your failure to properly advise me as to the options available to me and providing me with erroneous information as to the likelihood of success at trial or of the possible sentence I faced.

  Surely, If I had been properly counseled, and advised of the risks which exist with respect to a trial or that the option of a plea agreement was possible, and that all of my co-defendants were pleading guilty; I would have elected a totally differnet path.

page 3.
Mr. Scott Gleason, Esq.
March 22, 2004

    My view of the events and the actions I would have elected to take are not merely a function of "hind-sight" they are the actions I would have taken if I had properly been advised of my situation and the possible penalties, et al. which may result.

    After the denial of my appeal and request for a full panel review; you effectively stone-walled me for the next year. When I was able to contact you; you continued to assure me that you were preparing a section 2255 for submission to the court and that you full expected that it would be ready for submission to the court in the beginning of November of 2003; however you were never available to discuss or conference we me about the motions content.

    One reoccurring excuse that you offered for not meeting your own time line with respect to the submission of the §2255 was that you were in fluid discussions with the AUSA and wanted to have a pre-arranged deal with him prior to the motions submission. I now believe these to be totally false claims by you.

    In my letter to you of January 16, 2004, (which you have acknowledged receipt of) I requested that you respond, in writting, as to a number of issues , including but not limited to your filing of a §2255 and the status of you conferences with the AUSA; what followed was a long list of dodges by you not to honor my request; and to-date you have not provided in writing what I have time and again requested of you. You went as far as to suggest that what you had to tell me was so sensitive, you feared putting it on paper; Yet , on your visit you failed to address even one of my requests.

    Upon hiring you; I failed, given my unfamiliarity with the law, to question you with respect to your experience in the federal forum. However I now wonder have you ever succeeded in federal court? and if so, when? I would be most anxious to read those cases. Although I would not be surprised if most of your cases in federal court have concluded as has mine; especially given your inability to even address "legal mail" the proper and acceptable BOP way.

    What I have written here is the truth; and you know it. I have hopes that you realize what harm you have caused me and that youcome to the fore and and admit your failures on a professional level as they relate to my case.

    Lastly, To-date I have not received a copy of the letter you had promised forthcomming from the Congressman; I will not hold my breath. Please; make every expedited effort to have the court replace you as my counsel of record and further take responsibility for any and all tolling errors.

page 4.
Mr. Scott Gleason, Esq.
March 22, 2004


    I have come to expect very little from you, however; I do not believe I am an isolated example of the way you practice your profession, but I still hope that upon your honest reflection of the events that you muster up the metal to, now, do the right thing.


I remain,

*Douglas E. Tatro*
Douglas E. Tatro


cc: Hon. Judge Rya W. Zobel
    United States District Court
    District of Boston, Mass.

    Dr. Robert Tatro

    file

# GLEASON LAW OFFICES

A PROFESSIONAL CORPORATION
163 MERRIMACK STREET
HAVERHILL, MA 01830

TELEPHONE (978) 521-4044
FAX (978) 521-3738

SCOTT F. GLEASON
THOMAS J. GLEASON*
SEAN P. GLEASON

ROBERT J. WHITE*
Of Counsel

