(EXHIBIT A)

2-20-02

(13)

Hi Scott

Hope its not to late for this info but those cases talk about

1) Position of trust
2) Lack of evidence
3) Obstruction of justice
4) Minor role
5) Military record for reduction at sentencing
6) Downward departures
7) Jurys decision being clouded by witness's of other codefendants

If the 2 counts were removed from my trial pertaining to the 1994 incident because of statue of limitations why was the prosecution abel to even talk about it.

How could the judge assume and not use facts in my sentencing.

Why was the jury allowed to determine weight when only 25 lbs were found. Hanson stated he never ever saw contents of pkgs.

Thank you Scott

Douglas E Tatro
Douglas E Tatro

(EXHIBIT B)                                             Page 1

Citation/Title
688 F.Supp. 191, U.S. v. Pipich, (D.Md. 1988)

*191   688 F.Supp. 191

1 Fed.Sent.R. 120

UNITED STATES of America
v.
Frank Charles PIPICH.

Crim. No. S 88-097.

United States District Court,
D. Maryland.

July 20, 1988.

*[Handwritten annotations in margins: "MILITARY RECORD IS A CONSIDERATION IN SENTENCE Pg 4"; "13 Years Good Conduct Two Honorable Discharges NAVY 1979 1989"; "I have sent five copies"]*

Defendant entered guilty plea to charge of theft of mail matter by postal employee, and, following presentence investigation, the District Court, Smalkin, J., determined that defendant's exceptional military record was mitigating factor warranting downward departure from guideline sentence to period of probation without condition or combination of conditions requiring intermittent confinement or community confinement.

So ordered.

1.   **CONSTITUTIONAL LAW** 270(2)
     92        ----
     92XII      Due Process of Law
     92k256        Criminal Prosecutions
     92k270           Judgment and Sentence
     92k270(2)          Matters considered; presentence report.

D.Md. 1988.
Defendant is entitled to due process in sentencing, which includes consideration of factors peculiar to him or her that are relevant to exercise of judicial discretion in sentencing. Sentencing Guidelines, § 5B1.1(a)(2); U.S.C.A. Const.Amends. 5, 14.

2.   **CRIMINAL LAW** 986.2(1)
     110       ----
     110XXIII Judgment, Sentence, and Final Commitment
     110k985     Formalities in Pronouncing Sentence
     110k986.2     Matters or Evidence Considered
     110k986.2(1)    In general; aggravation or mitigation in general.

Copyright (c) West Group 1999 No claim to original U.S. Govt. works



688 F.Supp. 191, U.S. v. Pipich, (D.Md. 1988)

D.Md. 1988.
   Defendant's military record is relevant sentencing factor that was not considered by Sentencing Commission and should be considered as aggravating or mitigating factor at sentencing. 18 U.S.C.A. §§ 1709, 3551 et seq.

3.   CRIMINAL LAW⚖ 982.4(2)
     110     ----
     110XXIII Judgment, Sentence, and Final Commitment
     110k982    Probation and Suspension of Sentence
     110k982.4    Right to Obtain
     110k982.4(2)    Persons entitled to benefits.

D.Md. 1988.
   Defendant's exceptional military record was mitigating factor warranting downward departure from Guideline sentence for conviction of theft of mail matter by postal employee and thus warranted sentence to period of probation without condition or combination of conditions requiring intermittent confinement or community confinement. Sentencing Guidelines, § 5B1.1(a)(2); U.S.C.A. Const.Amends. 5, 14.

   *192 Breckinridge L. Willcox, U.S. Atty., Dist. of Md. and Thomas P. O'Neil, III, Asst. U.S. Atty., Baltimore, Md., for the Government.

   Michael S. Libowitz, Baltimore, Md., for defendant.

                    MEMORANDUM OPINION

   SMALKIN, District Judge.

   The defendant in this criminal case entered a guilty plea to a one-count criminal information charging him with theft of mail matter by a postal employee in violation of 18 U.S.C. § 1709. Because the offense occurred subsequent to November 1, 1987, the Sentencing Reform Act of 1984, *codified* at 18 U.S.C. § 3551 *et seq.*, applies.

   The presentence investigation report reveals that the defendant served in the United States Marine Corps from February 1, 1968 to January 31, 1972. He served in combat in Vietnam from September 9, 1969 to September 8, 1970. He received over 45 awards of the Air Medal, including one special award for heroism in connection with the extraction of a reconnaissance team that was surrounded by North Vietnamese forces on the night of October 31, 1969. The defendant was awarded the Purple Heart twice. He was also the recipient of several Vietnamese awards.

   The calculations performed by the Probation Service pursuant to the Sentencing Reform Act of 1984 resulted in an offense level of 7, with a criminal history category of I. The resulting guideline sentence from the sentencing table of the Sentencing Guidelines is 1-7 months. The Court, considering all the factors set forth in 18 U.S.C. § 3553(a), has concluded that probation is an appropriate sentence. Pursuant to Guideline § 5B1.1(a)(2), the Court is

          Copyright (c) West Group 1999 No claim to original U.S. Govt. works

4

688 F.Supp. 191, U.S. v. Pipich, (D.Md. 1988)

required to impose a condition or combination of conditions of probation requiring intermittent confinement or community confinement as detailed in Guideline § 5C2.1(c)(2).

At sentencing, the defendant's counsel argued for a departure from Guideline § 5B1.1(a)(2), on the ground that an exceptional military service record such as that possessed by this defendant is a factor that satisfies the departure language of 18 U.S.C. § 3553(b), which provides that a court may depart from the guideline sentence otherwise required by Section 3553(a)(4) when it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

At sentencing, the Government took no position on the issue. Representatives of the Probation Service of this District took the position that, although the Guidelines do not address a military record as a ground for departure, up or down, from the guideline sentences, the Probation Service internally considers military service to be simply a form of employment history, and gives it no weight in the sentencing calculus. According to the Sentencing Commission's policy statement at Guideline § 5H1.5, "Employment record is not ordinarily relevant in determining whether a sentence should be outside the guidelines...."

[1] [2] [3] In this case, a sentence of probation that does not include community or intermittent confinement is "outside the guidelines," as that phrase is used in Guideline § 5H1.5. The departure statute, Section 3553(b), as amended, tells the Court where to look in determining whether a circumstance was adequately taken into consideration by the Commission. The sources to be consulted by the Court are *only* the Guidelines, the Commission's policy statements, and its official commentary. Section 5H1.5, pertaining to employment record, is a policy statement of the Commission, and there is no official commentary discussing it. Therefore, from the lack of any discussion of military service history, the Court determines that the Commission *193. did not at all take into account a defendant's military record as a factor in formulating the Guidelines, and that it is one that could result in a sentence different from the Guidelines.

This Court is of the opinion that a person's military record is a relevant factor to be considered at sentencing, because it reflects the nature and extent of that person's performance of one of the highest duties of citizenship. An exemplary military record, such as that possessed by this defendant, demonstrates that the person has displayed attributes of courage, loyalty, and personal sacrifice that others in society have not. Americans have historically held a veteran with a distinguished record of military service in high esteem. This is part of the American tradition of respect for the citizen-soldier, going back to the War of Independence. This American tradition is itself the descendant of the far more ancient tradition of the noble Romans, as exemplified by Cincinnatus.

In ignoring a defendant's military service record, the Commission has done a

Copyright (c) West Group 1999 No claim to original U.S. Govt. works

**(EXIBIT C)**

Honorable Rya W. Zobel
Judge
U.S. District Court of MA
John Joseph Moakley Courthouse
Suite 6110
1 Courthouse Way
Boston, MA  02210

---

04-11509 ~~WGY~~ RWZ

MAGISTRATE JUDGE Alexander

Lisa,

The endorsement on the copy of the letter should be docketed and a copy sent to the Court of Appeals. The case should then go to whoever appoints counsel.

This is in fact a serious case of ineffective assistance at trial and sentencing.

- Thanks