# United States Court of Appeals
## For the First Circuit

No. 06-2696

DOUGLAS TATRO,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: September 21, 2007

    After a thorough review of the record and of the parties' submissions, we affirm. The district court did not commit clear error in crediting the testimony of attorney Scott Gleason over that of the petitioner-appellant, Douglas Tatro. Gleason's testimony was corroborated by another attorney in his firm and by the Assistant U.S. Attorney. In rejecting Tatro's version of the events, the district court had ample grounds for disbelieving his testimony. He admitted that he lied to his union attorney, to postal inspectors, to his wife, and probably to the pretrial services officer. He also admitted that he lied to Gleason at their first meeting. All of these admissions tended to impeach his credibility. Given this, the district court did not commit clear error in discrediting his testimony. See United States v. Rodriguez-Ortiz, 455 F.3d 18, 25 (1st Cir. 2006) ("an appellate court ought not to disturb either findings of fact or conclusions drawn therefrom unless the whole of the record compels a strong, unyielding belief that a mistake has been made") (internal quotation marks and citation omitted), cert. denied, 127 S. Ct.

1010 (2007).

It is not clear whether the district court intended to grant a certificate of appealability on the question of whether counsel's failure to argue for a downward departure based on Tatro's military service constituted ineffective assistance. Even if the question is properly before us, the claim would fail, as Gleason's decision to focus on other, more promising sentencing arguments was a reasonable strategic decision. See Haines v. Risley, 412 F.3d 285, 289-90 (1st Cir. 2005).

Finally, it is not clear whether Tatro's claim pursuant to United States v. Booker, 543 U.S. 220 (2005), is properly before us, but in any event, it fails. See Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005).

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: NOV 13 2007

[cc: Nancy Rue, AUSA, Dina Michael Chaitowitz, AUSA, Douglas Tatro]